UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RIVERWALK RANCH CROSSING<br>HOMEOWNERS ASSOCIATION, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:16-cv-02219-JCM-VCF<br><br>ORDER |

Presently before the court is defendant Riverwalk Ranch Crossing Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 17). Plaintiff Bank of America, N.A. ("BANA") filed a response (ECF No. 21), to which the HOA replied (ECF No. 22).

**I.　Facts**

This case involves a dispute over real property located at 4508 Silverwind Road, North Las Vegas, Nevada (the "property"). On August 11, 2009, Alan Kolb obtained a loan in the amount of $191,627.00 to purchase the property located at 4508 Silverwind Road, North Las Vegas, Nevada (the "property"). (ECF No. 1). The loan is guaranteed by the Department of Veterans Affairs Home Loan Guarantee Program. (ECF No. 1).

On December 30, 2011, defendant Absolute Collection Services, LLC ("ACS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,281.91. (ECF No. 1).

On February 10, 2012, ACS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,240.08. (ECF No. 1).

On March 8, 2012, BANA requested a ledger from the HOA, which the HOA allegedly refused to provide. (ECF No. 1). The deed of trust was assigned to BANA via an assignment of deed of trust recorded on March 21, 2012. (ECF No. 1).

On June 20, 2012, ACS recorded a notice of trustee's sale, stating an amount due of $3,852.62. (ECF No. 1). On November 6, 2012, Val Grigorian purchased the property at the foreclosure sale for $6,300.00. (ECF No. 1). A foreclosure deed in favor of Grigorian was recorded on November 8, 2012. (ECF No. 1).

On September 21, 2016, BANA filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and ACS; (3) wrongful foreclosure against the HOA and ACS; and (4) injunctive relief against SFR. (ECF No. 1).

In the instant motion, the HOA moves to dismiss arguing that the court lacks subject matter jurisdiction pursuant to Chapter 38 of the Nevada Revised Statutes and that BANA failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17). The court will address each as it sees fit.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

In the instant motion, the HOA argues that dismissal of BANA's claims is proper because BANA's failure to mediate pursuant to NRS 38.310 divests this court of subject matter jurisdiction. (ECF No. 17).

In response, BANA contends that NRS 38.310 is inapplicable to its claims and that Real Estate Division of the Nevada Department of Business and Industry's ("NRED") authority has expired. (ECF No. 21). In particular, BANA claims that it submitted a request for mediation to

NRED on October 2, 2015, but NRED failed to schedule a mediation in the time period required under NRS 38.330(1). (ECF No. 21). Thus, BANA maintains that it constructively exhausted its administrative remedies. (ECF No. 21).

As a threshold matter, NRS 38.310 is an exhaustion statute that creates prerequisites for filing certain state-law claims, not a jurisdictional statute. *See, e.g.*, *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15–cv–01862–JAD–PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016). Thus, NRS 38.310 cannot affect the court's subject matter jurisdiction.

In the present case, subject matter jurisdiction is determined pursuant to 28 U.S.C. § 1332, under which this court has diversity jurisdiction as the parties are diverse and the amount in controversy exceeds $75,000.00. (*See* ECF No. 1).

As to NRS 38.310, the statute sets forth prerequisites for commencing a civil action and provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1).

While BANA has submitted a request for mediation, the parties have not participated in mediation. Moreover, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time. Thus, BANA has not exhausted its administrative remedies and must mediate certain claims prior to initiating an action in court

Further, NRS 38.350 expressly tolls the statute of limitations applicable to BANA's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the

time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350. Therefore, BANA's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

### A.   Quiet Title/Declaratory Judgment (claim 1)

BANA's quiet title/declaratory relief claim is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *Id.* at 559. In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Thus, the HOA's motion to dismiss will be denied as to BANA's quiet title claim.

### B.   Breach of NRS 116.1113 (claim 2) & Wrongful Foreclosure (claim 3)

BANA's claims for breach of NRS 116.1113 and wrongful foreclosure civil claims as defined in NRS 38.300. "An action is exempt from the NRS 38.310 requirements if the action relates to an individual's right to possess and use his or her property." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*,

662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Similarly, BANA's breach of NRS 116.1113 claim alleges NRS violations, which require an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within the scope of NRS 38.310.

Consequently, BANA must first submit these claim to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Accordingly, BANA's claims for breach of NRS 116.1113 and wrongful foreclosure will be dismissed without prejudice.

    **C.**    **Injunctive Relief (claim 4)**

As to BANA's fourth cause of action for injunctive relief, the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."). Injunctive relief may be available if BANA is entitled to such a remedy on an independent cause of action. BANA's claim for injunctive relief will therefore dismissed.

**IV.**    **Conclusion**

Accordingly,

/ / /

/ / /

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 16) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED THIS 28th day of February, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE